IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY E. ARCENEAUX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1555 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Anthony E. Arceneaux, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated robbery. The respondent filed a motion for summary judgment asking that the petition for writ of habeas corpus be dismissed because it was filed too late. (Docket Entry No. 11). The respondent also filed a copy of the state court record. Arceneaux has not filed a response. The court will construe the pleadings Arceneaux has filed as his response.

Having reviewed the pleadings, the motion, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.    Background**

Arceneaux pleaded guilty to the felony offense of aggravated robbery. (Cause Number 895074). On May 6, 2002, the state trial court sentenced Arceneaux to sixteen years in prison. Arceneaux did not appeal the conviction or sentence. Arceneaux filed an

application for state habeas corpus relief on July 21, 2005, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on March 1, 2006. *Ex parte Arceneaux,* Application No. 63,498-01 at cover.

On May 5, 2006, this court received Arceneaux's federal petition. The petition was filed when Arceneaux gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Arceneaux put his federal petition in the prison mail on the date he signed it, April 24, 2006. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Arceneaux contends that his conviction is void for the following reasons:

(1) His counsel rendered ineffective assistance by failing to:

  a. advise him of his right to appeal, and

  b. conduct an adequate investigation.

(2) His plea was involuntary because:

  a. he relied on the erroneous advice of his counsel, and

  b. counsel coerced him to enter a plea.

(3) His sentence was illegal because there was insufficient evidence to prove he committed aggravated robbery.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

The threshold issue is whether Arceneaux's petition was filed too late to permit this court to consider his claims.[1]

## II.   The Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The respondent argues that some of Arceneaux's claims are unexhausted and procedurally barred. (Docket Entry No. 11, Respondent's Motion for Summary Judgment, pp. 2-4). Respondent also argues that all of Arceneaux's claims are time-barred. (*Id.* at 5-6). Finally, respondent argues that his claims lack merit. (*Id.* at 7-16). In the interest of judicial economy, the court considers the issue of limitations.

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The trial court convicted Arceneaux on May 6, 2002. Arceneaux's conviction became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). Arceneaux's judgment became final on June 5, 2003.

Arceneaux waited until July 21, 2005, before filing his state application. A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). The one-year limitations period began on June 5, 2002. The Texas Court of Criminal Appeals denied Arceneaux's application on March 1, 2006. Arceneaux's state habeas application did not toll the limitations period because he filed it after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

The AEDPA limitations period is not a jurisdictional bar. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). A court may toll the limitations period in "rare and exceptional circumstances." *Id.* Such circumstances would exist, for example, if "the plaintiff [was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th

Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). But a "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Rashidi*, 96 F.3d at 128 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In his federal petition, Arceneaux alleges that appellate counsel failed to advise him of his right to appeal. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, Attachment 1, pp. 13-14). Liberally construed, Arceneaux argues that his federal petition is untimely because his appellate counsel provided ineffective assistance. The Fifth Circuit has held that while a criminal defendant has a right to effective assistance of counsel on a first appeal, an alleged violation of that right does not toll the AEDPA statute of limitations. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). The alleged violation of Arceneaux's Sixth Amendment right to effective assistance on appeal does not toll the limitations period.

Arceneaux does not identify any other grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that

unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Arceneaux may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser*, 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Arceneaux's delay in filing his state habeas application mitigates against equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Arceneaux does not satisfy any of the statutory exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Arceneaux from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Arceneaux's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Arceneaux's claims relate to the guilty plea entered on May 6, 2002. Arceneaux has not shown that he did not know of the factual predicate of his claims well within the limitations period. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Arceneaux's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III. Conclusion

Respondent's motion for summary judgment, (Docket Entry No. 11), is granted. Arceneaux's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Arceneaux has not made the showing necessary for issuance of a COA.

SIGNED on May 25, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge